T.C. Summary Opinion 2003-67

UNITED STATES TAX COURT

WILLIAM IVAN DOTY AND SANDRA ANN DOTY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 615-01S.                    Filed June 5, 2003.

William Ivan Doty, pro se.

<u>Frederic J. Fernandez</u>, for respondent.


PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

Respondent determined that petitioner had $8,786 in additional pension and annuity income resulting in a deficiency in the amount of $1,320 in petitioners' 1998 Federal income tax. This Court must decide whether petitioners must include in gross income $8,786 in proceeds from the termination of life insurance policies.

Some of the facts in this case have been stipulated and are so found. Petitioners resided in Kingston, Wisconsin, at the time they filed their petition.

On October 8, 1998, petitioners sent a letter to Northwestern Mutual Life Insurance Company (Northwestern) to request the termination of six life insurance policies. Only five of the six surrendered policies are at issue and all subsequent references are to the policies in issue.

On October 15, 1998, Northwestern sent a letter to petitioner which stated that the cancellation of each of the five life insurance policies would result in taxable gain to petitioners which Northwestern was required to report to the Internal Revenue Service. Northwestern's letter also listed the estimated taxable gain with respect to each of the five surrendered life insurance policies.

For the taxable year 1998, Northwestern issued to petitioners two Forms 1099 which reported gross distributions totaling $19,241 and taxable distributions totaling $8,786 with

respect to the five surrendered life insurance policies.

Petitioners did not report the distributions of $8,786 from Northwestern on their 1998 Federal income tax return. Respondent determined that petitioners received gross income of $8,786 from the surrender of the five life insurance policies.

In general, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Petitioners do not argue the applicability of section 7491(a), and the record reflects that section 7491(a) does not apply.

With exceptions not applicable in this case, in general any amount which is received under a life insurance contract before the annuity starting date, and which is not received as an annuity is included in gross income to the extent it exceeds the investment in the contract. Sec. 72(e)(1)(A), (C). This includes any amount received under a contract on its complete surrender. Sec. 72(e)(5)(E)(ii). The investment in the contract is defined generally as the aggregate amount of premiums or other consideration paid for the contract less amounts previously received under the contract, to the extent they were excludable from gross income. Sec. 72(e)(6).

Petitioners admit that the proceeds from the surrender of the five life insurance policies are taxable. Petitioners contest the computation by Northwestern of the taxable gain from

the distributions of the five surrendered life insurance policies.

On April 25, 2001, Northwestern sent petitioner a letter which generally explained the calculation of the taxable portion of petitioners' surrendered life insurance policies. Northwestern also provided petitioner a Surrender of Policy Statement which detailed the policy value and the net proceeds with respect to each surrendered life insurance policy.

On June 29, 2001, Northwestern sent a letter to petitioner which further explained the calculation of the taxable portion of the surrendered life insurance policies.

On October 2, 2002, in a sworn affidavit, Linda A. Schaefer (Ms. Schaefer), Northwestern's Director of the Policyowners Department, set forth the total policy cash value, the net cost, and the net taxable gain with respect to each of petitioners' five surrendered life insurance policies. Ms. Schaefer's statement also explained in detail how each of these amounts was computed. In a second sworn affidavit bearing the same date, Ms. Schaefer provided a detailed history of the premiums paid and the loans made with respect to petitioners' surrendered life insurance policies.

Petitioner testified that he received annual statements from Northwestern with respect to the surrendered life insurance policies which detailed premium and loan payments. Petitioner

stated that he had never questioned any of the information provided by the statements prior to his cancellation of the policies. At trial, petitioner presented no evidence other than undocumented and uncorroborated assertions to establish that petitioners had a greater investment in the five surrendered life insurance policies than the amounts computed by Northwestern. Petitioner failed to show that Northwestern's records were not correct and that respondent's determination was not correct. Accordingly, respondent's determination that petitioners must include $8,786 in gross income with respect to the five surrendered life insurance policies is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered

for respondent</u>.